## 10819

### SEARLES v. AULD

#### (111 S. E. 785)

1.   VENDOR AND PURCHASER—MODIFICATION AS TO CONSIDERATION MAY BE MADE BY PAROL.—A contract providing for delivery of shares of corporate stock in payment for land could be modified by parol so as to provide that a note be taken in lieu of the stock.

2.   VENDOR AND PURCHASER—PLEADING HELD INSUFFICIENT TO SHOW BREACH OF SELLER.—A complaint in an action by purchaser to recover damages for breach *held* insufficient on demurrer where it alleged a tender of corporate stock as a part of the purchase price, it appearing that the contract was modified so as to provide that a note delivered to defendant was taken in lieu of the stock, but it not appearing from the complaint that plaintiff was entitled to tender such shares and obtain a redelivery of the note, though there was an allegation that defendant informed plaintiff that he could not comply.

3.   VENDOR AND PURCHASER—VENDOR UNDER CONTRACT NEED NOT HAVE TITLE AT DATE OF EXECUTION; TITLE SUFFICIENT IF GOOD AT DATE OF PERFORMANCE.—A contract of sale of land is valid and binding on the purchaser, though the defendant at the time of making the contract does not have title; it being sufficient if, upon the date of compliance and upon a proper tender by the purchaser, the seller be ready to comply with the proper deed and a title free from the requisite incumbrances.

4. APPEAL AND ERROR—PLAINTIFF HELD ENTITLED TO ASK TO AMEND
   ON AFFIRMANCE OF JUDGMENT SUSTAINING DEMURRER.—On appeal
   in an action for damages for breach of contract to convey land,
   where it appeared that defendant retained a note, *held* that plain-
   tiff, on affirmance of a judgment sustaining a demurrer to his
   complaint, was entitled to ask for an order allowing him to
   amend his complaint if so advised.

Before WHALEY, J., Richland County Court, April, 1921.
Affirmed and remanded to permit amendment of complaint.

Action by A. Searles against F. G. Auld. From order
sustaining a demurrer to the complaint the plaintiff ap-
peals.

The order sustaining the demurrer was as follows:

A hearing was had with both parties present upon a de-
murrer in the above cause; the principal issue made therein
being that in the modified agreement as set forth in the
complaint it appeared on the face thereof that the plain-
tiff had no legal right when making a tender of the balance
of the purchase price to demand back a certain note which,
in accordance with such modification, had been executed
and delivered by plaintiff to defendant, in lieu of certain
shares of stock which by their original contract were to
have been assigned as a part of the purchase price on the
date set for compliance.

Such a modification can be made by parol. 39 Cyc.,
1351. Plaintiff, the purchaser, must allege the
terms of the contract and compliance on his part
therewith before he can recover damages for an alleged
breach, or for deceit, of the vendor, or he must show ten-
der in accordance therewith and a readiness to perform.
Id., 1558, 1561. In the instant case it was all right for the
plaintiff to have tendered something more than the modified
agreement called for, to wit, the shares of stock, but, un-
less there was a provision in such agreement that on the
date finally set for compliance he could tender such shares

and obtain a redelivery of the note, which had been admittedly given in lieu of such shares, he could not demand such redelivery. His doing so excused defendant from complying. *Baker v. Gasque,* 3 Strob., 25.

The mere fact that he alleges in paragraph 7 that defendant informed him that he (defendant) could not comply is not sufficient, when taken in connection with the context, which shows that a tender was attempted, to show that defendant refused because of some impossibility to comply, which would have excused tender on part of plaintiff. It only shows that defendant could not comply because plaintiff had not made a proper tender.

The fact, as alleged, that defendant at time of making the contract did not have title, is not sufficient to indicate an impossibility of compliance on his part at the date set for same. Such contracts are made under the same conditions every day. It is sufficient if, upon the date of compliance and upon a proper tender by the purchaser, the seller be ready to comply with the proper deed and a title free from the requisite incumbrances. *Miller v. Cramer,* 48 S. C., 282, 26 S. E., 657; *Mobley v. Quattlebaum,* 101 S. C., 221, 85 S. E., 585.

*Mr. D. W. Galloway,* for appellant, cites: *False statement by vendor as to estate he possesses concerns a material fact and avoids the contract*: 39 Cyc., 1272. *Pleadings should be liberally construed*: Sec., 209, Code Proc. 1912.

*Messrs. Moffatt & Marion,* for respondent, cite: *Plaintiff must show full performance on his part before he can maintain action*: 27 R. C. L., 456; 39 Cyc., 1551. *And he cannot complain of default by defendant until he has shown full performance*: 101 S. C., 221; 85 S. C., 585; 3 Strob., 25.

April 26, 1922.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

For the reasons assigned by his Honor County Court Judge Whaley, it is the judgment of this Court that the judgment of the County Court should be affirmed, but, however, it be remanded to the County Court in order that the appellant be allowed to ask for an order allowing him to amend his complaint if he be so advised.

MR. CHIEF JUSTICE GARY and JUSTICES FRASER, COTHRAN, and MARION concur.

MR. JUSTICE COTHRAN (concurring): In my opinion the order of the Court below sustaining the defendant's demurrer to the complaint should be reversed for the reasons following:

The complaint alleges, in substance, that on March 30, 1920, Auld contracted in writing to sell Searles two certain parcels of land containing in the aggregate 77.8 acres for $6,000, upon the following terms: $50 cash; $250 on May 25; $500 in certain stock at $125 per share on November 1st; $450 cash on December 28, 1920; at the latter date, upon compliance with the foregoing terms, Auld was to execute and deliver to Searles a deed covering the property and take from him his bond and mortgage for the remainder of the purchase price, $4,750, payable $2,000 on January 1, 1922, and $2,750 on January 1, 1923, with interest on the deferred payments from January 1, 1921, at 7 per cent., Searles to be allowed credit upon payments made prior to December 28, 1920, at 7 per cent.—that the deed was to convey the property with full covenants of warranty, dower renounced and free from incumbrances; that Searles paid an attorney $60 to examine the title, who reported that Auld did not have title to the property; that Searles made the cash payment of $50 and also the $250 payment due May 25, 1920; that, instead of the stock deliverable on November 1st, Auld agreed to take Searles'

note for $500, which was executed and delivered to Auld on November 1st (the maturity date not being stated in the record) ; that on December 28th, when the $450 payment was due and the papers referred to were to be executed, Searles tendered to Auld the $450 in cash and the $500 of stock deliverable on November 1st under the original agreement, and demanded a deed of the land and a return of the note, which by agreement had been substituted for the stock; that Auld informed Searles that he could not comply with his contract to convey the land; that the payments in cash of $300 and the note for $500 were obtained by Auld from him through the fasle representation that he could and would deliver to him a good title to the land, knowing at the time that he could not do so; that the damages sustained were $360 (including the attorney's fee of $60) actual damages, and $2,000 punitive damages. The prayer for judgment was for $360 actual damages, the surrender of the $500 note, and $2,000 punitive damages.

The parties had a perfect right to change the terms of the contract, and when they agreed that, instead of the stock deliverable November 1st, Auld would take the note of Searles for $500, and that agreement was consummated, they made a valid amendment to the original contract, and it became as if that provision had formed a part of it. So, when Searles went to Auld on December 28, 1920, to demand his deed, it was his duty to tender not only the $450 cash due on that day, but the amount of his $500 note. He had no right, in the absence of an agreement restoring the terms of the original contract, to tender the stock and demand his note. The stipulations of the parties were concurrent, and, before either could sue the other for a breach, he must put himself in the attitude to demand performance by doing what he had agreed to do. 27 R. C. L., 456; 39 Cyc., 1551.

. It is not alleged in the complaint that Auld did not have title to the land at the time of the alleged tender. The statement that he informed Searles "that he could not comply with his contract" was in reply to an insufficient tender by Searles and doubtless expressed an unwillingness rather than an inability. But, even if he did not have title, that fact did not excuse Searles from putting himself *rectus in curio* by making a proper tender.

But there is a more serious and difficult matter involved. It is thus alleged in paragraph 9 of the complaint:

"That said sum of $300 and the note for $500 was [were] obtained from the plaintiff through the false representation that the defendant could and would deliver the plaintiff a good and sufficient title to said premises above described, well knowing at the time that he could not execute such title."

It is further alleged in paragraph 10:

"That the defendant herein falsely and fraudulently obtained the money as above set forth."

"Misrepresentation or fraud as to the title of the vendor to the property contracted for is material, and, if not a misrepresentation of law, avoids the contract induced thereby and entitles the purchaser to rescind." 39 Cyc., 1264.

This general statement is subject to the qualification:

"If the title is defective, or if he [vendor] has no title at the time of entering into the contract, but such defects are cured at the time fixed for performance, * * * a rescission will not be permitted." 39 Cyc., 1410.

And this qualification is itself thus qualified:

"The rule that a contract of sale will not be rescinded for want of or a defect in title, if the vendor tenders a good title at the time fixed for performance by the contract of sale, is very generally held not to apply when the vendor has been guilty of fraud."

The purchaser may therefore rescind the sale if the vendor has made a misrepresentation as to his title at the time of the contract and fails to make the defect good at the time of performance, or when such misrepresentation had been fradulently made, regardless of his ability to make the defect good at the time of performance.

The latter alternative not being fully covered by the allegations of the complaint, it was not error to sustain the demurrer. The allegations of fraud relate only to promises, and not to representations of fact.

The complaint attempts to state facts entitling the plaintiff to the remedy of rescission of the contract on account of the fraudulent misrepresentation as to title and the remedy for a breach of the contract. These remedies are apparently inconsistent. The first repudiates the contract, and the other recognizes its validity. It may be (as to which no opinion is expressed) that the plaintiff may be required to elect. 39 Cyc., 2000.

The result of this appeal which leaves the defendant in possession of $300 of the plaintiff's money and his note for $500 without anything to show for it in the plaintiff's hands does not commend itself to my idea of justice, if they were obtained by a fraudulent misrepresentation.

I think, therefore, that if the judgment should be affirmed, the case should be remanded, with leave to the plaintiff to file an amendment or supplemental complaint as he may be advised, the supplemental complaint setting up the fact of a valid tender if such be accomplished; and with leave to the defendant to answer as he may be advised, and to move that the plaintiff be required to elect which remedy he shall pursue; this Court not being concluded by the ruling upon this last motion.

MR. JUSTICE FRASER concurs.